**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4530**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JOHN ALBRITTON,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:12-cr-00005-F-1)

———————

Submitted:  August 29, 2014       Decided:  September 5, 2014

———————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Albritton was convicted following a jury trial of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (2012), and two counts of distribution of cocaine base, in violation 21 U.S.C. § 841(a)(1) (2012). Albritton was sentenced under the Armed Career Criminal Act ("ACCA") to three concurrent terms of 180 months' imprisonment. Albritton appeals, challenging: (1) the sufficiency of the evidence supporting his convictions; (2) the propriety of his armed career criminal designation; and (3) whether the district court properly allowed testimony at trial regarding prior drug activity.

We review the district court's denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). We must sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir.) (defining substantial evidence), cert. denied, 134 S. Ct. 464 (2013). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Lawing, 703 F.3d 229, 240 (4th Cir. 2012) (internal quotation marks omitted), cert. denied, 133 S. Ct. 1851 (2013).

Albritton first challenges his felon in possession conviction, arguing that the government did not establish that he constructively possessed the firearms.[*] "[P]roof of actual or exclusive possession [is not necessary]; constructive or joint possession is sufficient." Lawing, 703 F.3d at 240. "Constructive possession is established when the government produces evidence that shows ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." Id. (internal quotation marks omitted). Because the government introduced ample testimony that Albritton had dominion and control over the trailer and vehicle in which the firearms were located, we conclude that there was sufficient evidence to support the jury's finding that Albritton possessed the firearms.

Albritton next argues that the government failed to prove that the substances purchased during controlled transactions by the confidential informant were in fact cocaine base and thus there was insufficient evidence to support his convictions for distribution of cocaine base. To establish a violation of 21 U.S.C. § 841(a)(1), the government was required to prove (1) distribution of cocaine base, (2) that Albritton

_____

[*] Albritton concedes that he had a prior felony conviction and that the firearms traveled in interstate commerce.

3

had knowledge of the distribution, and (3) that Albritton intended to distribute the cocaine base. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). The government presented testimony from law enforcement and the informant that Albritton sold cocaine base during the two controlled transactions. In addition, the government introduced into evidence the two quantities of cocaine base purchased from Albritton and laboratory reports identifying the quantities as cocaine base. Our review of the record therefore confirms that substantial evidence existed to support Albritton's distribution convictions.

Albritton also contends he has not been convicted of three prior serious drug felonies and therefore should not have been sentenced as an armed career criminal. Because Albritton withdrew his objection to the armed career criminal designation at sentencing, this Court's review is for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Under this standard, Albritton must establish that: "(1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and alterations omitted). Even if the three factors are established, correction of a plain error rests within this Court's discretion, to be exercised only if the error "seriously

4

affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal alterations omitted).

Under the ACCA, if a defendant is convicted of violating § 922(g) and has sustained three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to a statutory mandatory minimum of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). Albritton contends he has not been convicted of three prior serious drug offenses on the basis that his prior convictions should not have been counted separately. However, at least three of the crimes for which Albritton was convicted were "committed on occasions different from one another," arising out of "separate and distinct criminal episode[s]." 18 U.S.C. § 924(e); United States v. Davis, 689 F.3d 349, 358–59 (4th Cir. 2012) (internal quotation marks omitted). We therefore reject Albritton's challenge to his armed career criminal designation.

Finally, Albritton argues that the district court improperly allowed evidence regarding prior drug activity because such testimony constituted Fed. R. Evid. 404(b) evidence for which the Government did not give adequate notice and the prior drug activity was not "inextricably intertwined" with the controlled purchases. A district court's evidentiary rulings

5

are reviewed for abuse of discretion. United States v. Kelly, 510 F.3d 433, 436 (4th Cir. 2007).

Rule 404 prohibits evidence of crimes or other bad acts to "prove a person's character in order to show that . . . the person acted in accordance with the character." See Fed. R. Evid. 404(b)(1). However, acts that are intrinsic to the crime are not barred by Rule 404(b) where "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). "Evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." United States v. Wilson, 624 F.3d 640, 652 (4th Cir. 2010) (alteration omitted). We have also held that evidence is intrinsic if it "is necessary to complete the story of the crime on trial" or "to provide context relevant to the criminal charges." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks and alterations omitted). The challenged witness testimony provided relevant context to the drug and firearm charges against Albritton and the evidence found on his premises, and thus was not subject to Rule 404(b). We therefore conclude that the

district court did not abuse its discretion in allowing testimony regarding Albritton's prior drug activity.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED